COMBINATION FOUNTAIN CO. *vs.* ALFRED E. MILLARD.

MARCH 4, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This action of trover and conversion was brought to recover for a soda fountain alleged to have been converted to the defendant's use. The jury returned a verdict for the plaintiff for $377.21 and the case is before us on the defendant's exceptions as follows: To the admission and exclusion of evidence; to instructions to the jury; to the failure to instruct; to the refusal to direct a verdict for the defendant and to the refusal to grant the defendant a new trial.

The plaintiff sold the soda fountain in question on a conditional bill of sale and lease to one Kruger. Thereafter, before the price had been fully paid, the fountain and other fixtures in a drug store were attached as the property of Kruger and sold on execution sale to the defendant. The defendant sold the soda fountain before this action was commenced.

Defendant contends that, as he came into the possession of the fountain rightfully, the plaintiff was bound to make demand for the fountain before commencing an action for its conversion.

In such a case a demand and refusal is necessary if a conversion can not be shown in any other way, but when one exercises dominion over the goods of another to the extent of selling them and assuming to deliver a good title thereto, the act of selling constitutes a conversion and no demand is necessary. The act of selling denied the plaintiff's ownership and deprived him of his property. It is immaterial that the sale was made in good faith. 38 Cyc. 2028, 2071, 2086; 26 R. C. L. 1122. In *West Jersey R. R. Co.* v. *Trenton Car Works Co.*, 32 N. J. L. 517, 520, cited in *Donahue* v. *Shippee*, 15 R. I. at 455, the court said: "In every case in which the inquiry arises whether a conversion has been committed, the only point to be settled is whether the defendant has applied to his own use the property of another

without his permission and without legal right. His motives for so doing, or the state of his knowledge with reference to the right of such owner, are of no importance, and cannot in any respect affect the case." See also *Claflin* v. *Gurney*, 17 R. I. 185.

The verdict was for the balance due the plaintiff under the agreement with Kruger. The plaintiff's expert testified that the value of the fountain at the time of the conversion exceeded the amount due the plaintiff. The plaintiff could in no event recover more than the value of the fountain at the time of the conversion. The defendant attempted to prove by expert testimony that the fountain, at the time of conversion, was worth much less than the amount due the plaintiff from Kruger; but the trial justice ruled that Charles S. Pullen, the witness called, did not qualify as an expert on the value of soda fountains.

Mr. Pullen had for 12 years been connected with the Walter Simpson Co. which dealt extensively in secondhand store fixtures, including soda fountains. At the time he examined the fountain in question he was manager of said company and fixed the price at which all fountains handled by the concern were sold. He had personally bought and sold secondhand fountains. He testified that he personally sold a dozen. From the testimony it appears that he probably purchased many more than he personally sold. The trial justice, in excluding the testimony of Mr. Pullen because he had sold but a few fountains, evidently overlooked the fact that Mr. Pullen as manager of the Walter Simpson Co. fixed the selling price of all soda fountains sold by that company.

In a number of opinions this court has stated that the competency of persons offered as experts is generally a question to be decided by the trial justice, in the exercise of his sound discretion, and, unless the ruling is palpably and grossly wrong, it will not be reversed. In each of these cases the person offered as an expert had been permitted to testify. See *Ennis* v. *Little & Co.*, 25 R. I. 342; see also

*Burden* v. *Tax Assessors*, 47 R. I. 473. In the case before us we think the trial justice, probably by oversight, failed to exercise his sound discretion in ruling that Mr. Pullen was not qualified to speak as an expert. The exception to such ruling is sustained; the other exceptions are overruled.

The defendant admits a sale which amounts to a conversion. The only question therefore is the amount which the plaintiff is entitled to recover.

The case is remitted to the Superior Court for a new trial on the question of damage only.

*John A. Bennett, Alfred G. Chaffee,* for plaintiff.
*Fergus J. McOsker,* for defendant.